**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **YU WANG,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**METROPOLITAN LIFE INSURANCE COMPANY,**<br><br>        **Defendant.** | **Case No. 1:24-cv-01124-SCJ** |

**METROPOLITAN LIFE INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Metropolitan Life Insurance Company ("MetLife" or "Defendant"), by and through undersigned counsel, submits this Answer to Plaintiff's Complaint. Unless expressly admitted herein, Defendant denies the material allegations of the Complaint and demands strict proof thereof. Defendant responds to the individually numbered allegations in the Complaint as follows:

**PARTIES**

I.A.   Upon information and belief, MetLife admits the allegations of paragraph I.A.

I.B.   MetLife admits the allegations of paragraph 1.B.

1

**BASIS FOR JURISDICTION**

II.A.   MetLife admits that Plaintiff purports to seek the requested relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), but denies that MetLife acted "wrongfully" or that Plaintiff is entitled to any of the requested relief. Additionally, MetLife admits that this Court has federal question jurisdiction over this case under 29 U.S.C. § 1132(e) and ERISA. MetLife further states that venue is proper in this Court, but denies that MetLife caused damages or harm to Plaintiff.

II.B.   MetLife admits that this Court also has diversity jurisdiction over this case because the parties are diverse and the amount in controversy exceeds $75,000. MetLife denies that its principal place of business is in all states. To the extent the allegations attempt to state or interpret the terms of the GE Long Term Disability Income Plan for Salaried Employees (the "Plan"), MetLife states that the Plan speaks for itself and serves as the best evidence of its contents. MetLife denies the allegations to the extent the allegations are inconsistent with that document.

**STATEMENT OF CLAIM**

1.      Defendant has insufficient information to admit or deny the allegations of paragraph 1 and therefore denies same.

2.      Defendant admits that, as an employee of General Electric ("GE"), Plaintiff was a participant in the Plan. MetLife further states that it issued Group Policy No. 22222-G (the "Policy") to GE to fund the LTD benefits available under

the Plan. The remaining allegations of paragraph 2 are solely legal conclusions to which no response is required.

3.    To the extent the allegations of paragraph 3 attempt to state the terms of the Plan, Defendant states that the Plan speaks for itself and is the best evidence of its contents, and Defendant denies the allegations of paragraph 3 to the extent they are inconsistent with that document.

4.    Defendant has insufficient knowledge to admit or deny the allegations of paragraph 4 and therefore denies them.

5.    Defendant states that the Administrative Record speaks for itself regarding Plaintiff's occupation. Defendant denies the allegations of paragraph 5 to the extent they are inconsistent with the Administrative Record.

6.    Defendant states that the Administrative Record speaks for itself regarding Plaintiff's medical conditions. Defendant denies the allegations of paragraph 6 to the extent they are inconsistent with the Administrative Record.

7.    Defendant states that the Administrative Record speaks for itself regarding Plaintiff's medical conditions and treatment. Defendant denies the allegations of paragraph 7 to the extent they are inconsistent with the Administrative Record.

8.    Defendant admits that Plaintiff's last date worked was on or about October 28, 2022. In further response, Defendant states that the Administrative

Record speaks for itself regarding Plaintiff's medical conditions and treatment. Defendant denies the allegations of paragraph 8 to the extent they are inconsistent with the Administrative Record.

9.     Defendant states that the Administrative Record speaks for itself regarding Plaintiff's medical conditions and treatment. Defendant denies the allegations of paragraph 9 to the extent they are inconsistent with the Administrative Record.

10.     Defendant admits that Plaintiff submitted a claim for long-term disability ("LTD") benefits on August 4, 2023.

11.     Defendant states that the Administrative Record speaks for itself regarding the medical opinions before the Plan's claim administrator at the time of its determination. Defendant denies the allegations of paragraph 11 to the extent they are inconsistent with the Administrative Record.

12.     Defendant admits that GE Disability Benefits and Leave Center denied Plaintiff's claim by letter dated September 7, 2023. That letter is part of the Administrative Record, speaks for itself, and is the best evidence of its contents. Defendant denies the allegations of paragraph 12 to the extent they are inconsistent with the entire letter. Defendant further denies any inconsistent allegations of paragraph 12.

13.     Defendant admits the allegations of paragraph 13.

14. Defendant states that the Administrative Record speaks for itself regarding the medical opinions before the Plan's claim administrator at the time of its determination. Defendant denies the allegations of paragraph 14 to the extent they are inconsistent with the Administrative Record.

15. Defendant states that the Administrative Record speaks for itself regarding the medical opinions before the Plan's claim administrator at the time of its determination. Defendant denies the allegations of paragraph 15 to the extent they are inconsistent with the Administrative Record.

16. Defendant admits that it upheld its prior determination on appeal by letter dated October 26, 2023. That letter is part of the Administrative Record, speaks for itself, and is the best evidence of its contents. Defendant denies the allegations of paragraph 16 to the extent they are inconsistent with that letter.

17. Defendant admits the allegations of paragraph 17.

18. Defendant admits that it upheld its prior determination on a second appeal by letter dated January 11, 2024. That letter is part of the Administrative Record, speaks for itself, and is the best evidence of its contents. Defendant denies the allegations of paragraph 18 to the extent they are inconsistent with that letter.

19. Defendant states that the Administrative Record speaks for itself regarding Plaintiff's medical conditions. Defendant denies the allegations of paragraph 19 to the extent they are inconsistent with the Administrative Record or

refer to facts after the final determination of Plaintiff's claim.

20. Defendant admits that Plaintiff has exhausted the Plan's administrative remedies.

## RELIEF

21. Defendant reasserts its responses to paragraphs 1 through 20 above and incorporates same as if fully set forth herein, and further incorporates its affirmative defenses in response thereto.

22. Defendant denies the allegations of paragraph 22, including subparts a. through c.

23. Defendant admits that it has not paid disability benefits to Plaintiff, but denies the allegations of paragraph 23 to the extent they state or imply that Plaintiff is entitled to benefits under the terms of the Plan.

In response to Plaintiff's "Wherefore" clause, including all subparts, Defendant denies that Plaintiff is entitled to the relief requested therein, and demands strict proof thereof. Defendant further states that Plaintiff's Complaint is due to be dismissed.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

Defendant denies the material allegations of the Complaint and demands strict proof thereof.

## THIRD DEFENSE

Plaintiff is not disabled under the terms of the Plan.

## FOURTH DEFENSE

Plaintiff has failed to meet his burden of proving a disability under the terms and conditions of the Plan and is not entitled to LTD benefits under the Plan.

## FIFTH DEFENSE

The decision to terminate LTD benefit payments to Plaintiff under the Plan was the product of a deliberate, principled and reasoned process.

## SIXTH DEFENSE

Defendant contends that it had reasonable and probable cause for terminating Plaintiff's claim, and that the termination decision was correct and based upon substantial evidence.

## SEVENTH DEFENSE

Plaintiff's alleged losses are subject to and barred by all of the terms and conditions of the Plan made the basis of this lawsuit.

## EIGHTH DEFENSE

At all times relevant to the above-captioned action, the Plan has been administered pursuant to its terms and in conformity with applicable law.

## NINTH DEFENSE

Plaintiff has suffered no damages as a result of the matters alleged in the Complaint.

## TENTH DEFENSE

Defendant states that all actions taken were in accord with the Plan's provisions, the termination of Plaintiff's claim for benefits was correct, legitimate and reasonable and not arbitrary nor capricious, and there was no abuse of discretion in the administration of the Plan with respect to Plaintiff.

## ELEVENTH DEFENSE

Defendant asserts that Plaintiff failed to demonstrate continuing eligibility for benefits under the terms and provisions of the Plan.

## TWELFTH DEFENSE

Defendant denies that it is required to respond to the allegations in Plaintiff's Complaint to the extent the allegations constitute legal conclusions.

## THIRTEENTH DEFENSE

If Plaintiff recovers benefits under the Plan, such benefits are subject to all of the applicable terms, conditions, and exclusions, including the maximum duration of benefits provision, recoupment, and offset provisions as provided for in the Plan.

## FOURTEENTH DEFENSE

The termination of Plaintiff's claim was fair, reasonable, based on substantial evidence, consistent with the terms and intent of the Plan, and within the decision maker's discretion under the terms of the Plan.

## FIFTEENTH DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of the express terms and provisions of the employee welfare benefit plan at issue and as Plaintiff is not disabled pursuant to the terms and provisions of the employee welfare benefit plan at issue.

## SIXTEENTH DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of the deferential standard of review which should be afforded to the claim determination.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred because Defendant discharged its duties in the interest of all of the Plan participants and, in doing so, acted in accordance with

ERISA and the documents and instruments governing the Plan.

## EIGHTEENTH DEFENSE

Plaintiff is precluded from recovering any of the alleged damages under the terms of the Plan, ERISA, and federal common law.

## NINETEENTH DEFENSE

Plaintiff cannot under ERISA recover or be adjudged entitled to benefits in excess of those provided under the terms of the Plan.

## TWENTIETH DEFENSE

The factual determinations and interpretations of the Plan were the correct and best interpretations of the Plan's terms and available evidence.

## TWENTY-FIRST DEFENSE

To the extent Plaintiff asserts any claim or relies upon any evidence not previously submitted or furnished to Defendant such claim or admission of such evidence in support of Plaintiff's claim is barred by Plaintiff's failure to exhaust administrative and/or Plan remedies.

## TWENTY-SECOND DEFENSE

Any claim for equitable relief outside Plaintiff's claim for benefits under 29 U.S.C. § 1132(a)(1)(B) is precluded under *Varity Corp v. Howe*, 516 U.S. 489 (1996) and its progeny applying same in the Eleventh Circuit and Northern District of Georgia.

10

## TWENTY-THIRD DEFENSE

Plaintiff would not be entitled under any circumstances to an award of attorney's fees as he is prosecuting this matter pro se.

## TWENTY-FOURTH DEFENSE

Plaintiff's allegations fail to form the basis for an award of attorney's fees pursuant to 29 U.S.C. § 1132(g)(1).

## TWENTY-FIFTH DEFENSE

Defendant raises each and every affirmative defense required to be pled by applicable rules of civil procedure should said defenses become applicable as this action proceeds.

## TWENTY-SIXTH DEFENSE

Defendant reserves the right to assert other defenses and claims when and if it becomes appropriate during this civil action.

WHEREFORE, Defendant Metropolitan Life Insurance Company respectfully requests the Court to enter an Order dismissing Plaintiff's Complaint; awarding Defendant the costs expended herein, including reasonable attorneys' fees pursuant to 29 U.S.C. §1132(g)(1); and granting such further relief as the Court deems just and proper.

Respectfully submitted this 28th day of May 2024,

*s/ Alexander B. Feinberg*
Alexander B. Feinberg

11

Georgia Bar Number: 956505
*Attorney for Defendant*

**OF COUNSEL:**

MAYNARD NEXSEN, P.C.
1901 Sixth Avenue North
Suite 1700
Birmingham, Alabama 35203
T: (205) 254-1000
F: (205) 254-1999
afeinberg@maynardnexsen.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons electronically via the CM/ECF system, this the 28th day of May 2024:

Yu Wang
10560 Shallowford Road
Roswell, GA 30075
(518) 491-3212
*Plaintiff*

<u>/s/ Alexander B. Feinberg</u>
OF COUNSEL

13